# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH V.,[1]<br><br>　　　　　Plaintiff,<br><br>v.<br><br>ANDREW M. SAUL,[2]<br>Commissioner of Social Security,<br><br>　　　　　Defendant. | Case No. 5:18-cv-00822-MAA<br><br>**MEMORANDUM DECISION AND ORDER REVERSING DECISION OF THE COMMISSIONER AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS** |

On April 20, 2018, Plaintiff filed a Complaint seeking review of the Commissioner's final decision denying his applications for disability insurance benefits and supplemental security income pursuant to Titles II and XVI of the Social Security Act. This matter is fully briefed and ready for decision. For the reasons discussed below, the Commissioner's final decision is reversed, and this matter is remanded for further administrative proceedings.

---

[1] Plaintiff's name is partially redacted in accordance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

[2] The Commissioner of Social Security is substituted as the Defendant pursuant to Federal Rule of Civil Procedure 25(d).

# ADMINISTRATIVE BACKGROUND

On December 24, 2013, Plaintiff protectively filed applications for disability insurance benefits and supplemental security income, alleging disability beginning on January 24, 2011. (Administrative Record [AR] 29, 1981, 1994.) Plaintiff alleged disability because of a torn rotator cuff in his right shoulder, high blood pressure, torn ligaments, an inability to lift, and severe headaches. (AR 1981, 1994.) After the applications were denied initially and on reconsideration, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (AR 29, 2027-28.) At a hearing held on February 4, 2016, at which Plaintiff appeared with counsel, the ALJ heard testimony from Plaintiff, a medical expert, and a vocational expert. (AR 1930-78.)

In a decision issued on April 28, 2016, the ALJ denied Plaintiff's claim after making the following findings pursuant to the Commissioner's five-step evaluation. (AR 29-41.) Plaintiff had not engaged in substantial gainful activity since his alleged onset date of January 24, 2011. (AR 31.) He had the following severe impairments: "right shoulder tear/impingement; left shoulder pain; lumbar strain; organic brain disorder (possible stroke or withdraw seizures); mood disorder/depression as per [the Department of Veterans Affairs ("VA")]; and personality disorder and substance abuse in remission as per [Plaintiff's] testimony." (*Id.*) He did not have an impairment or combination of impairments that met or medically equaled the requirements of one of the impairments from the Commissioner's Listing of Impairments. (AR 32.) He had a residual functional capacity to perform less than the full range of light work. (AR 33.) Based on this residual functional capacity, Plaintiff would be unable to perform his past relevant work as an electrician/journeyman. (AR 39.) However, he could perform other work in the national economy, specifically, the occupations of garment sorter and assembler of small products. (AR 40.) Accordingly, the ALJ concluded that Plaintiff was not disabled as defined by the Social Security Act. (AR 41.)

When he requested review by the Appeals Council, Plaintiff submitted several pages of additional evidence. (AR 46-1978.) On March 8, 2018, the Appeals Council denied Plaintiff's request for review. (AR 1-8.) Thus, the ALJ's decision became the final decision of the Commissioner.

## DISPUTED ISSUE

The parties raise the following disputed issue: whether the ALJ properly considered the report of a vocational rehabilitation counselor from the VA. (ECF No. 31, Parties' Joint Stipulation ["Joint Stip."] at 4.)

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's final decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. *See Treichler v. Commissioner of Social Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014). Substantial evidence means "more than a mere scintilla" but less than a preponderance. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The Court must review the record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Lingenfelter*, 504 F.3d at 1035. Where evidence is susceptible of more than one rational interpretation, the Commissioner's interpretation must be upheld. *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

///
///
///

# DISCUSSION

## A. Lay Witness's Statement.

### 1. Legal Standard.

Plaintiff challenges the ALJ's consideration of a report written by Stephen Long, a vocational rehabilitation counselor at the VA. (Joint Stip. at 6; see also AR 1579-80, 2430.) According to the regulations in effect when Plaintiff filed his applications, a vocational rehabilitation counselor is not classified as an acceptable medical source, but rather is classified as an "other" source within a class of lay witnesses that includes counselors, developmental center workers, social workers, and relatives, among others. *See* 20 C.F.R. §§ 404.1513(d) (2013), 416.913(d) (2013).

"In determining whether a claimant is disabled, an ALJ must consider lay witness testimony concerning a claimant's ability to work." *Bruce v. Astrue*, 557 F.3d 1113, 1115 (9th Cir. 2009) (quoting *Stout v. Commissioner, Social Sec. Admin.*, 454 F.3d 1050, 1053 (9th Cir. 2006)) (internal quotation marks omitted). Indeed, an ALJ is "required to consider and comment upon competent lay testimony, as it concerned how [a claimant's] impairments impact his ability to work." *Bruce*, 557 F.3d at 1115. Such testimony "cannot be disregarded without comment." *Id.* (quoting *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996) (internal quotation marks omitted)). *See also Taylor v. Comm'r of Social Sec. Admin.*, 659 F.3d 1228, 1234 (9th Cir. 2011) (recognizing that an ALJ must "provide specific, germane reasons for discounting lay witness testimony").

However, an ALJ's failure to provide germane reasons to reject a lay witness's statement may be harmless error. *See Molina v. Astrue*, 674 F.3d 1104, 1122 (9th Cir. 2012). An ALJ's failure to state any reasons at all to reject a lay witness' statement may be harmless error where the lay witness "does not describe any limitations not already described by the claimant, and the ALJ's well-supported reasons for rejecting the claimant's testimony apply equally well to the lay witness

testimony." *See id.* at 1117. Similarly, an ALJ's statement of reasons that are legally insufficient to reject a lay witness's statement may be harmless error if the lay witness's statement is similar to the claimant's testimony, which the ALJ properly discredited. *See, e.g., Sievers v. Berryhill*, 734 F. App'x 467, 470 (9th Cir. 2018); *Watkins v. Commissioner of Social Sec. Admin.*, 611 F. App'x 903, 904 (9th Cir. 2015).

## 2. Background.

In January 2011, while he was working as an electrician, Plaintiff injured his right shoulder, right arm, upper back, and neck when he tried to pick up a 200-pound transformer. (AR 2295.) In December 2012, Plaintiff had surgery on his right shoulder. (AR 2266.)

In December 2013, Plaintiff was hospitalized for two weeks for alcohol withdrawal and "significant deconditioning." (AR 2339.) In June 2014, a neuropsychological evaluation revealed that Plaintiff had a "Mild Neurocognitive Disorder due to multiple etiologies," which VA physicians interpreted to mean that his "ability to learn and retain new information over time is within the impaired range of functioning." (AR 2431; *see also* AR 2432.) Plaintiff also has a VA disability rating of 50 percent based on a mood disorder. (AR 2439.)

In July 2014, Mr. Long, the vocational rehabilitation counselor at the VA, submitted a statement about Plaintiff's medical history and employment prospects. (AR 1579-80, 2430.) In pertinent part, Mr. Long wrote that Plaintiff's physical impairments, relating to his 2011 workplace accident, resulted in limited function of the shoulder that prevents overhead work. (AR 1579.) Mr. Long also wrote that Plaintiff's psychological impairments included depression and substance abuse disorders in remission, which had side effects such as chronic headaches and loss of short-term and long-term memory. (*Id.*) With respect to Plaintiff's ability to work, Mr. Long wrote the following:

|       | [Plaintiff's] [history of traumatic brain injury] and difficulty as a |
| ----- | --------------------------------------------------------------------- |
| 1     |                                                                       |
| 2     | historian in addition to his lack of experience outside of electrical and |
| 3     | air conditioning fields suggest his access to the labor market is very |

[Plaintiff's] [history of traumatic brain injury] and difficulty as a historian in addition to his lack of experience outside of electrical and air conditioning fields suggest his access to the labor market is very limited. His chronic [headaches] which affect concentration also compromise his ability to [return to work]. [Plaintiff] has current, marketable skills, . . . but his physical limitations from [the right] shoulder restrict [him] from returning to his career as an electrician. While his memory-concentration issues secondary to [a traumatic brain injury] and [headaches] impact his ability to pursue alternative career paths. [Plaintiff] is not considered a candidate for formal vocational rehabilitation counseling at this time or capable of returning to competitive employment. He may be a candidate for avocational activities at the medical center to occupy his time with more health enhancing activity.

(AR 1580, 2430.)

Thus, Mr. Long recommended that Plaintiff eventually be considered for vocational rehabilitation therapy activities such as gardening, lapidary work, and computer clinics. (*Id.*) In January 2015, Plaintiff began vocational rehabilitation therapy activities at the VA by enrolling in a woodworking clinic. (AR 1260, 1273.) Plaintiff's performance in the woodworking clinic consistently was rated as "good." (AR 816, 825, 852, 920, 939, 957, 974, 1003, 1024, 1058, 1079, 1102, 1161, 1194, 1247.)

In his decision, the ALJ described and assessed Mr. Long's statement as follows:

> The next opinion considered is from Steve Long, M.S., vocational rehab counselor. In a partial report signed in July 2014, Mr. Long concluded that [Plaintiff's] limitations from right shoulder restrict [Plaintiff] from returning to his career as an electrician.

Furthermore, [Plaintiff's] memory, concentration, issues secondary to [traumatic brain injury] and headaches affect his ability to pursue alternative career paths. He is not considered capable of returning to competitive employment. [AR 2430.] The undersigned gives the opinion of [Mr.] Long [*sic*], as the opinion is not from an acceptable medical source. (20 C.F.R. 404.1513(a)(e) and 416.913(a)(e)).

(AR 38.)

The ALJ characterized Mr. Long's statement as "a partial report" (AR 38) because Plaintiff had submitted only one page of it to the ALJ (AR 2430). Plaintiff later submitted the complete report, consisting of two pages, for the first time to the Appeals Council. (AR 1579-80.) The Appeals Council's order in response was somewhat ambiguous about whether Mr. Long's complete report was incorporated into the record, because the order stated both that the new evidence "does not show a reasonable probability that it would change the outcome of the decision" but also that the Appeals Council "did not consider and exhibit this evidence." (AR 2.) However, the Court concurs with the decisions of other district courts in the Ninth Circuit that the most plausible interpretation of the Appeals Council's language is that the new evidence was incorporated into the record. *See, e.g., McLaughlin v. Saul*, 2019 WL 3202806, at *5 (E.D. Cal. July 16, 2019) (collecting cases). Because the Appeals Council incorporated the complete report into the record, the Court considers it in reviewing the ALJ's decision for substantial evidence. *See Brewes v. Commissioner of Social Sec. Admin.*, 682 F.3d 1157, 1163 (9th Cir. 2012).

### 3. Analysis.

The ALJ stated that he "gives the opinion of [Mr.] Long, as the opinion is not from an acceptable medical source." (AR 38.) The ALJ's assessment is missing a critical phrase and thus omits the ALJ's finding as to how much weight he afforded

to the lay witness's statement. However, even assuming that the ALJ intended to state that he had given Mr. Long's opinion "no weight" or "little weight," the ALJ's reason for doing so was not legally sufficient.

The only reason the ALJ stated to reject Mr. Long's statement was that it "is not from a medical source." (AR 38.) But a lay witness's status as a non-medical source is an improper ground to disqualify him from offering a statement about a claimant's ability to work. *See Bruce*, 557 F.3d at 1116 ("A lay person, . . . though not a vocational or medical expert, was not disqualified from rendering an opinion as to how [the claimant's] condition affects his ability to perform basic work activities."); *Haagenson v. Colvin*, 656 F. App'x 800, 802 (9th Cir. 2016) ("The only reason the ALJ offered for rejecting their [lay] opinions is that they are not 'acceptable medical sources' within the meaning of the federal regulation. However, the regulation already presumes that nurses and counselors are non-acceptable medical sources, yet still requires the ALJ to consider them as 'other sources.'"); *see also Hayes v. Berryhill*, 721 F. App'x 648, 651 (9th Cir. 2018) (finding erroneous an ALJ's rejection of a vocational counselor's report because he was not an acceptable medical source, but also concluding that the error was harmless). Thus, this was not a germane reason to reject Mr. Long's statement. Although the Commissioner states other possible reasons for rejecting Mr. Long's statement (Joint Stip. at 10-12), the Court may not consider them because the ALJ did not state those reasons. *See Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) ("We are constrained to review the reasons the ALJ asserts.").

The failure to state a germane reason to reject Mr. Long's lay witness statement was not harmless error. *See Molina*, 674 F.3d at 1115. Mr. Long's statement was not substantively similar to Plaintiff's testimony, but rather was broader. Thus, the ALJ's reasons for rejecting Plaintiff's testimony (assuming they were clear and convincing) would not have applied as well to Mr. Long's statement. For example, Mr. Long's conclusion that Plaintiff's employment prospects were

8

"very limited" (AR 1580) was based on his specialized knowledge of vocational rehabilitation and the labor market, a foundation that Plaintiff lacked. Moreover, Mr. Long clearly linked Plaintiff's limited employment prospects, particularly from a mental standpoint, to Plaintiff's difficulties as a historian, his deficits in concentration and memory, and his chronic headaches. (AR 1580.) In comparison, Plaintiff's testimony was vague: he was unfamiliar with the medical evidence and had difficulty articulating clearly what his limitations, particularly his mental limitations, were and why they rendered him incapable of any work. (AR 1953-60.)

Because Mr. Long's statement was qualitatively dissimilar from Plaintiff's testimony, and because the ALJ's reasons for rejecting Plaintiff's testimony were not responsive to the grounds for Mr. Long's statement, the error in the assessment of Mr. Long's statement was not rendered harmless by the ALJ's findings on the whole. *See Burns v. Berryhill*, 731 F. App'x 609, 613 (9th Cir. 2018) (finding an ALJ's error in assessing lay testimony was not harmless where the lay witness attested to a number of limitations beyond those reported by the claimant himself); *see also Nowling v. Colvin*, 813 F.3d 1110, 1122 (8th Cir. 2016) (declining to find harmless an ALJ's failure to consider lay evidence where it "is neither redundant with [the claimant's] testimony, nor is it discredited by the same evidence that purportedly discredits [the claimant's] testimony"). Thus, reversal is warranted.

**B.     Remand for further administrative proceedings.**

Ninth Circuit case law "precludes a district court from remanding a case for an award of benefits unless certain prerequisites are met." *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) (citations omitted). "The district court must first determine that the ALJ made a legal error, such as failing to provide legally sufficient reasons for rejecting evidence." *Id.* "If the court finds such an error, it must next review the record as a whole and determine whether it is fully developed,

is free from conflicts and ambiguities, and all essential factual issues have been resolved." *Id.* (citation and internal quotation marks omitted).

Although the Court has found an absence of germane reasons to discredit the lay witness's statement that was not harmless error, the record on the whole is not fully developed, and essential factual issues remain outstanding. The discredited evidence raises factual conflicts about Plaintiff's level of functioning that "should be resolved through further proceedings on an open record before a proper disability determination can be made by the ALJ in the first instance." *See Brown-Hunter*, 806 F.3d at 496; *see also Treichler*, 775 F.3d at 1101 (stating that remand for an award of benefits is inappropriate where "there is conflicting evidence, and not all essential factual issues have been resolved") (citation omitted); *Strauss v. Commissioner of the Social Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011) (same where the existing record does not clearly demonstrate that the claimant is disabled within the meaning of the Social Security Act).

Therefore, based on its review and consideration of the entire record, the Court has concluded on balance that a remand for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g) is warranted here. It is not the Court's intent to limit the scope of the remand.

## ORDER

It is ordered that Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings.

DATED: August 14, 2019

MARIA A. AUDERO
UNITED STATES MAGISTRATE JUDGE